THE PRESIDENT, DIRECTORS AND COMPANY OF THE APPLETON BANK *vs.* WILLIAM FISKE & others.

If a person who obtains discounts at a bank voluntarily allows a sum to remain on deposit with the expectation that this course will enable him to obtain discounts more readily, but without any agreement or understanding that he may not draw his money at any time, there is no usury in the practice.

CONTRACT upon a promissory note signed by the defendants as maker and indorsers. The defence was that the note was given on a usurious consideration, and also that it was in violation of Gen. Sts. *c.* 57, § 68.* At the trial in the superior court, the defendant Fiske was the only witness, and, upon undisputed facts, which are stated in the opinion, *Rockwell*, J. ruled that the plaintiffs were entitled to recover; and a verdict was returned accordingly. The defendants alleged exceptions.

*I. S. Morse & G. Stevens*, for the defendants, cited *Foster* v. *Essex Bank*, 17 Mass. 479; *Jones* v. *Whitney*, 11 Mass. 74; *Bridge* v. *Hubbard*, 15 Mass. 96; *Western Bank* v. *Mills*, 7 Cush. 539; *Mills* v. *Western Bank*, 10 Cush. 22; *Knapp* v *Briggs*, 2 Allen, 551; *Sylvester* v. *Swan*, 5 Allen, 134.

*T. H. Sweetser*, for the plaintiffs.

HOAR, J. To constitute usury, there must be an agreement by which a greater rate of interest than the law allows is reserved or taken; and this agreement must be so far completed as to become obligatory upon the parties to it. The evidence showed that the defendant Fiske was told by the plaintiffs' cashier that he could have notes discounted by paying about eight per cent. interest, and could have the loan continued at the same rate. The defendants subsequently made an arrangement with the directors to have their notes discounted, and obtained

---

* This statute is as follows : " No bank shall directly or indirectly make a loan or discount, unless the amount of the loan or the proceeds of the discount are payable by the bank on demand in specie or in the bills of the bank ; and every loan or discount made contrary to the provisions of this section shall be void ; and the bank for each offence shall forfeit five hundred dollars."

a discount of a new note sufficient to meet each note as it became due; and so long before it was due that, leaving the money on deposit, the discount on the time for which they had the use of the money would amount to eight per cent. ° If this had been all the evidence, it might have been a question for the jury whether the discount of the notes was not made upon an agreement that the money should be retained by the plaintiffs on deposit, and thus that the apparent furnishing the money for the renewal of notes before they became due was merely a cover for usury. But the evidence came from a single witness, who was one of the defendants, and he testified positively and expressly that he " always understood that all the money to his credit was subject to his draft, at any moment, and nothing was ever said to the contrary with any member of the bank." This testimony excludes the idea of any contract for the retaining of the money by the bank, either express or implied, for the purpose of receiving unlawful interest.

If a person who obtains discounts at a bank voluntarily allows a considerable sum to remain on deposit, with the idea and expectation that this course on his part will enable him to obtain discounts more readily, but without any agreement or understanding that he may not draw his money at any time, there is no usury in the practice.

There being no evidence to sustain either branch of the defence relied upon, the ruling at the trial was right.

*Exceptions overruled.*